IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Blackwood of DC, LLC<br>5335 Wisconsin Ave., NW<br>Suite 825<br>Washington, D.C. 20015<br><br>　　Plaintiff,<br><br>v.<br><br>The United States of America<br>Internal Revenue Service<br>1111 Constitution Ave., NW<br>Washington, D.C. 20224<br><br>　　Serve: Matthew M. Graves<br>　　　　　United States Attorney<br>　　　　　601 D Street, NW<br>　　　　　Washington, D.C. 20001<br><br>　　and<br><br>　　　　　Merrick Garland<br>　　　　　Attorney General<br>　　　　　U.S. Department of Justice<br>　　　　　950 Pennsylvania Ave., NW<br>　　　　　Washington, D.C. 20530<br><br>　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL NO.: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Plaintiff, Blackwood of DC, LLC ("Blackwood"), by its undersigned counsel, files this lawsuit for refund against the Internal revenue Service ("IRS") of the United States of America ("United States," "US" or "Defendant") and alleges as follows:

1

## JURISDICTION AND VENUE

1. This is a suit arising under federal law and is a claim for the recovery of federal tax erroneously paid by the taxpayer or erroneously assessed and collected by the IRS. A civil action for remedy of such damages is authorized under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

2. Venue is appropriate because Blackwood is incorporated in and has its principal place of business in this District.

3. Plaintiff is filing this complaint within the period of time specified in 26 U.S.C. § 6532(a)(1).

## PARTIES

4. Plaintiff Blackwood is a corporation, incorporated and existing under the law of the District of Columbia with its principal place of business in the District of Columbia

5. The Defendant is the Internal Revenue Service of the United States of America.

## FACTUAL ALLEGATIONS

6. I.R.C. provides for requirements that certain employers either obtain certain insurance coverage for their employees or be assessed charges by the IRS. In 2015, I.R.C. § 4980(h) provided transition relief to large scale employers who were not yet able to provide minimum essential insurance coverage to employees under the Affordable Care Act. This exemption ended in 2015 and then required all employers of a certain size to provide minimum essential coverage to at least 95% percent of their employees in the year 2016.

7. Starting in late 2015, Blackwood began searching diligently and in good faith for a group health plan to comply with the statute. However, due to low employee interest, Blackwood struggled to find an eligible insurer willing to accept the company. Blackwood's efforts included hiring a consultant to assist with finding a compliant health plan. Even with that help, Blackwood

was unable for some time to find <u>any</u> provider that would provide coverage compliant with the Affordable Care Act.

8. In the spring of 2016, Blackwood was able to sign Kaiser Permanente to provide the needed coverage for the company. This coverage became effective on July 1st, 2016.

9. Despite Blackwood's efforts to comply with the statute, on or about April 2, 2019, the IRS mailed Blackwood a Letter 226-J, which stated that Blackwood owned an Employer Shared Responsibility Payment ("ESRP") in the amount of $143,370.00 for the 2016 taxable year.

10. On or about April 15, 2019, Blackwood mailed a response to the original Letter 226-J, explaining Blackwood disagreed with the proposed ESRP assessment.

11. On or about July 29, 2019, the IRS proposed via Letter 227-L, a modified ESRP assessment of $142,020.00.

12. An informal conference was held by the IRS Office of Appeals on June 16, 2020. Subsequently, Blackwood received Letter 5917 informing Blackwood that the IRS would not revise its proposed ESRP assessment.

13. On or about September 14, 2020, the IRS mailed Blackwood a Letter 227-N, which stated "Your ESRP has been determined based on your Appeals Conference. The ESROP in the amount of $142,020.00 will be assess and your case closed."

14. On or about September 28, 2020, the IRS mailed Blackwood a notice and demand for payment, Notice CP220j, which stated: "We charged you an (ESRP) for the tax period ended December 31, 2016," and that $142,020.00 ESRP is "due by October 13, 2020."

15. On December 8, 2020, counsel for Blackwood sent a letter to the IRS requesting that the IRS either (a) issue a statutory notice of deficiency so that Blackwood may petition the Tax Court; or (b) confirm that the Notice CP220j is effectively a notice of deficient."

16. On December 22, 2020, having received no response from the IRS, counsel for Blackwood filed its petition in Tax Court; Docket No. 14920-20. A copy of that petition is attached hereto and incorporated herein as **Exhibit "A"**.

17. Despite the pendency of the Tax Court action, the IRS collected the $142,020.00 at issue over the course of 2021. Plaintiff sought relief in the Tax Court to restrain those collections, but the Tax Court granted no relief. A copy of Plaintiff's Tax Court Motion is attached hereto and incorporated herein as **Exhibit "B"**.

18. On June 6, 2020, the United States Tax Court dismissed Blackwood's petition, finding the notice issued by the IRS to fall outside the limited jurisdiction regarding deficiency notices.

## COUNT I
### (Civil Action for Refund under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422)

19. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

20. The actions of the United States of America have resulted in damages to Plaintiff for not remitting Plaintiff's erroneously applied ESRP levy for the tax year of 2016, and in bringing and pursuing this cause of action' and renders the United States of America liable for compensatory damages and costs of this action under 26 U.S.C. § 1346.

21. Plaintiff has already demanded that the IRS refund the erroneously collected amounts, both directly to the IRS and through pleadings filed with the Tax Court.

22. Plaintiff is filing this action within 2 years of the date that the IRS erroneously collected the amounts at issue.

23. Plaintiff has met all other preconditions of 26 U.S.C. § 7422.

24. Plaintiff seeks recovery of the erroneously levied ESRP for tax year 2016 in the amount of $142,020.00 allowed by law as established in 28 U.S.C. § 1346 and 26 U.S.C. § 7422.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Blackwood of DC, LLC request:

(a) That this Court order the IRS to refund to Plaintiff the overpayment of taxes for the tax year 2016 in the amount of $142,020.00.

(b) Any other I.R.C. § 6621 (d) interest netting benefit to which Plaintiff may be entitled after all adjustments to the tax periods involved have been made; and

(c) Such other and further relief that this Court deems equitable and proper.

Dated: January 3, 2023                                  Respectfully submitted,

/s/Jeremy C. B. Wyatt_____
Jeremy C. B. Wyatt Bar No. MD0083
jwyatt@harrisonlawgroup.com

HARRISON LAW GROUP
40 W. Chesapeake Ave., Ste. 600
Towson, Maryland 21204
Tel: (410) 832-0000
Fax: (410) 832-9929

Counsel for Plaintiff,
Blackwood of DC, LLC